```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

| | |
|---|---|
| **MILDRED J. BENNETT** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   CIVIL ACTION 10-00005-B |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
|     **Defendant.** | * |

## ORDER

This matter is before the Court on Plaintiff's unopposed Application For Attorney Fees Under the Equal Access to Justice Act ("EAJA") and the Commissioner of Social Security's Response. (Docs. 23, 25). On September 17, 2010, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 18). Thus, this case was referred to the undersigned to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Local Rule 73. (Doc. 20). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED**, and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$1401.71** under EAJA for legal services rendered by her attorney in this Court.

## I. Findings Of Fact

    A.    Plaintiff commenced this action on January 5, 2010. (Doc. 1). On December 22, 2010, this Court entered an Order and reversed

and remanded this cause to the Commissioner of Social Security for further proceedings. Judgment was subsequently entered on January 3, 2011. (Docs. 21, 22).

B.   Plaintiff's motion for attorney's fees was filed on February 2, 2011.  (Doc. 23).  In the motion, Plaintiff requests an attorney's fee award of $1,410.71.  (Id.)  The attorney's fee award represents a total of 8.10 hours, at an hourly rate of $173.05 per hour, for attorney time spent representing Plaintiff in this Court.  (Id.)

C.   The Commissioner of Social Security has filed a Response, and states that it has no objection to Plaintiff's motion.  (Doc. 25).

## II.   Conclusions Of Law

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

**A.   EAJA Hourly Rate**

The EAJA (as amended)[1] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)  In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account

---

[1] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

3

an increase in the cost of living. Lucy v. Astrue, CV 06-147-C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In Lucy, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

Id. at 4. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. Id. at 5.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on January 5, 2010, and the undersigned Magistrate Judge's Judgment was issued on January 3, 2011. (Docs. 1, 22). The number of days between those two dates is 364; thus making July 6, 2010, the "temporal midpoint" between those two dates. The CPI-U for July of 2010 was 210.988. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 210.988/152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $173.05. Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $173.05 is appropriate.

### B. Reasonableness of Hours

With regard to the reasonableness of the hours claimed by

Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." (Id. at 1306).

In the case sub judice, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 23-2). The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, 8.10 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. See, e.g., Coleman v. Apfel, 2000 U.S. Dist. LEXIS 13843, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

### III. CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge finds that Plaintiff's Application For Attorneys Fees Under the Equal Access to Justice Act is due to be **GRANTED** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$1401.71** under EAJA for legal services rendered by her attorney in this Court.

DONE this **16th** day of **February, 2011**.

　　　　　　　　　　　　　　　　 **/s/ Sonja F. Bivins**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**